IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KAREN JEAN MacDONALD,

               Plaintiff,

vs.                                 Case No. 16-2594-SAC


NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

               Defendant.


MEMORANDUM AND ORDER

      This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits and supplemental security income payments.
The matter has been fully briefed by the parties.

**I.  General legal standards**

      The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's
decision to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.  <u>Glenn v. Shalala</u>, 21 F.3d 983, 984

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security.

(10th Cir. 1994).  Substantial evidence requires more than a
scintilla, but less than a preponderance, and is satisfied by
such evidence that a reasonable mind might accept to support the
conclusion.  The determination of whether substantial evidence
supports the Commissioner's decision is not simply a
quantitative exercise, for evidence is not substantial if it is
overwhelmed by other evidence or if it really constitutes mere
conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).
Although the court is not to reweigh the evidence, the findings
of the Commissioner will not be mechanically accepted.  Nor will
the findings be affirmed by isolating facts and labeling them
substantial evidence, as the court must scrutinize the entire
record in determining whether the Commissioner's conclusions are
rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan.
1992).  The court should examine the record as a whole,
including whatever in the record fairly detracts from the weight
of the Commissioner's decision and, on that basis, determine if
the substantiality of the evidence test has been met.  Glenn, 21
F.3d at 984.

The Social Security Act provides that an individual shall
be determined to be under a disability only if the claimant can
establish that they have a physical or mental impairment
expected to result in death or last for a continuous period of
twelve months which prevents the claimant from engaging in

2

substantial gainful activity (SGA).  The claimant's physical or
mental impairment or impairments must be of such severity that
they are not only unable to perform their previous work but
cannot, considering their age, education, and work experience,
engage in any other kind of substantial gainful work which
exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential
evaluation process to determine disability.  If at any step a
finding of disability or non-disability can be made, the
Commissioner will not review the claim further.  At step one,
the agency will find non-disability unless the claimant can show
that he or she is not working at a "substantial gainful
activity."  At step two, the agency will find non-disability
unless the claimant shows that he or she has a "severe
impairment," which is defined as any "impairment or combination
of impairments which significantly limits [the claimant's]
physical or mental ability to do basic work activities."  At
step three, the agency determines whether the impairment which
enabled the claimant to survive step two is on the list of
impairments presumed severe enough to render one disabled.  If
the claimant's impairment does not meet or equal a listed
impairment, the inquiry proceeds to step four, at which the
agency assesses whether the claimant can do his or her previous
work; unless the claimant shows that he or she cannot perform

3

their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On April 25, 2014, administrative law judge (ALJ) Christine A. Cooke issued the 1st ALJ decision, finding that plaintiff was not disabled (R. at 861-876).  Following denial of review by the

Appeals Council, plaintiff sought judicial review of the defendant's denial of benefits.  On July 20, 2015, Judge Marten reversed the decision of the Commissioner and remanded the case for further consideration (R. at 917-932).

On June 2, 2016, administrative law judge (ALJ) Michael Comisky issued a 2nd ALJ decision (R. at 799-818).  Plaintiff alleges that she has been disabled since February 27, 2011 (R. at 800).  Plaintiff is insured for disability insurance benefits through December 31, 2015 (R. at 802).  At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date (R. at 802).  At step two, the ALJ found that plaintiff has severe impairments (R. at 802).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 803).  After determining plaintiff's RFC (R. at 806), the ALJ found at step four that plaintiff is not able to perform past relevant work (R. at 816).  At step five, the ALJ found that plaintiff could perform other work that exists in significant numbers in the national economy (R. at 817).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 818).

**III.  Did the ALJ err by failing to elicit a reasonable explanation from the vocational expert (VE) for discrepancies with the testimony of the VE and the Dictionary of Occupational**

**Titles (DOT) in light of the hypothetical question posed by the ALJ?**

In the 1st ALJ decision, the ALJ included in her RFC findings that plaintiff should never be expected to understand, remember, or carry out detailed instructions. Job duties must be simple, repetitive, and routine in nature (R. at 866, 54). The district court reversed and remanded the case because the hypothetical question propounded to the ALJ excluded occupations requiring execution of detailed instructions; yet all the jobs identified by the vocational expert (VE) and adopted by the ALJ as jobs that plaintiff could perform, require the ability to carry out detailed instructions. The court cited to Hackett v. Barnhart, 395 F.3d 1168, 1175-1176 (10th Cir. (2005), which held that the ALJ must inquire about and resolve any conflicts between the VE testimony and the description of that job in the DOT (Dictionary of Occupational Titles) (R. at 929-931).

The medical opinion evidence includes an opinion from Dr. Cohen indicating that plaintiff is moderately limited in carrying out detailed instructions, but that she can complete simple tasks (R. at 78). Dr. Schulman opined that plaintiff is moderately limited in the ability to carry out detailed instructions, and indicated that plaintiff can understand and remember simple instructions (R. at 97). Dr. Neufeld opined in 2012 that plaintiff's psychological difficulties would not

preclude her ability to adequately understand and remember
simple instructions (R. at 524).  In 2014, Dr. Neufeld opined
that plaintiff's psychological difficulties would not preclude
her ability to adequately understand, remember, and carry out at
least simple instructions (R. at 789).  He noted on another form
that plaintiff had a mild limitation in her ability to
understand and remember complex instructions (R. at 793).
Finally, in 2015, Dr. Pulcher opined that plaintiff is able to
carry out simple and intermediate level instructions (R. at
1418).  The ALJ gave great, significant, or substantial weight
to these opinions (R. at 813-815).

      In his decision, the ALJ stated that plaintiff can
understand, remember and carry out work instructions and tasks
at an SVP 2 level[2] (R. at 806).  In his hypothetical question to
the VE, the ALJ stated that plaintiff can understand, remember,
and carry out **simple** work instructions and tasks at an SVP 2
level (R. at 853, emphasis added).  With this and other
limitations, the VE identified 3 jobs that plaintiff could
perform, a collator operator, a mail clerk and a router (R. at
853-854).  The ALJ adopted these findings and found that
plaintiff could perform these jobs (R. at 817-818).

      The jobs of router and collator operator require a
reasoning level of 2.  A reasoning level of 2 requires the

[2] An SVP (specific vocational preparation) 2 level is anything beyond short demonstration up to and including 1 month.  <u>Dictionary of Occupational Titles</u>, Appendix C at 1009 (4th ed. 1991).

ability to "apply commonsense understanding to **carry out detailed but uninvolved written or oral instructions."** 1991 WL 672123, 1991 WL 671753 (emphasis added). The job of mail clerk requires a reasoning level of 3. A job with the reasoning level of 3 requires the ability to apply commonsense understanding to carry out instructions furnished in various forms. 1991 WL 671813. By contrast, a job with a reasoning level of 1 requires the ability to apply commonsense understanding to carry out simple one or two step instructions. 1991 WL 679273.

The ALJ indicated that plaintiff can understand, remember, and carry out simple work instructions and tasks at an SVP 2 level. The ALJ then stated in his decision the following:

> Yet, all occupations recommended by Ms. Doering [the VE] and relied on by Judge Cooke require at least the ability to carry out detailed instructions. In contrast, the hypothetical propounded to Ms. Waddell [the VE] at the supplemental hearing did not exclude occupations requiring execution of detailed instructions. Accordingly, the issued raised by the USDC [United States District Court] no longer arises in this adjudication.

(R. at 818). However, all the ALJ told the VE at the hearing was that plaintiff could understand, remember and carry out simple work instructions and tasks. The ALJ did not indicate to the VE that plaintiff could understand, remember and carry out detailed instructions. The ALJ also failed to state to the VE that the ALJ, through his hypothetical, was not intending to

exclude consideration of occupations requiring execution of detailed instructions.

In summary, the hypothetical question, by stating that plaintiff could understand, remember and carry out simple work instructions and tasks, was limiting plaintiff to that type of work. If the ALJ had not intended to exclude occupations requiring execution of detailed instructions, there would have been no reason to include in the hypothetical that plaintiff could understand, remember, and carry out simple work instructions.

An ALJ must inquire about and resolve any conflicts between the VE testimony and the description of that job in the DOT. Poppa v. Astrue, 569 F.3d 1167, 1173 (10th Cir. 2009). In Hackett v. Barnhart, 395 F.3d 1168, 1176 (2005) the ALJ stated that plaintiff retains the attention, concentration, persistence and pace levels required for simple and routine work tasks. The court, citing to Lucy v. Chater, 113 F.3d 905, 909 (8th Cir. 1997), held that this limitation seems inconsistent with the demands of level-three reasoning; the jobs that the VE and the ALJ identified as being jobs that plaintiff could perform required level-three reasoning. The court therefore reversed this portion of the ALJ's decision and remanded to allow the ALJ to address the apparent conflict between plaintiff's inability to perform more than simple and repetitive tasks and the level-

three reasoning required by the jobs identified as appropriate for her by the VE.

One of the three jobs identified by the VE and the ALJ as a job that plaintiff could perform in the case before the court, mail clerk, requires level three reasoning.  Therefore, Hackett is clearly controlling in regards to this job, and would require the ALJ to address the apparent conflict between plaintiff's limitation to performing only simple work instructions and tasks and the level-three reasoning required by this job.

In dicta, the court in Hackett stated that level-two reasoning appears more consistent with plaintiff's RFC.  395 F.3d at 1176.  However, that issue was not before the court in Hackett.  In the case of Paulek v. Colvin, 662 Fed. Appx. 588, 591, 594 (10th Cir. Oct. 3, 2016), the ALJ found that Paulek was able to understand, remember, and carry out simple instructions. The ALJ, relying on VE testimony, found that plaintiff could perform past work which had a reasoning level of three.  After the court set out the DOT description for level-three, level-two and level-one reasoning, the court stated the following:

> As Mr. Paulek notes, we have previously held that a limitation to "simple and routine work tasks ... seems inconsistent with the demands of level-three reasoning." Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (internal quotation marks and citation omitted). While we have not spoken to whether a limitation to simple and routine work tasks is analogous to a limitation to

10

carrying out simple instructions, the Eighth
Circuit has held that a limitation to simple
instructions is inconsistent with both
level-two and level-three reasoning. <u>See
Lucy v. Chater</u>, 113 F.3d 905, 909 (8th Cir.
1997). An "ALJ must investigate and elicit a
reasonable explanation for any conflict
between the [DOT] and expert testimony
before the ALJ may rely on the expert's
testimony as substantial evidence to support
a determination of nondisability." <u>Haddock
v. Apfel</u>, 196 F.3d 1084, 1091 (10th Cir.
1999) (emphasis added); <u>see also Poppa v.
Astrue</u>, 569 F.3d 1167, 1173 (10th Cir. 2009)
(noting that SSR 00-4p "requires that an ALJ
must inquire about and resolve any conflicts
between a [VE's] testimony regarding a job
and the description of that job in the
[DOT.]").

662 Fed. Appx. at 594.  The court found a conflict between the

VE's testimony and the job descriptions in the DOT; the ALJ's

failure to have the VE reconcile this conflict was found to be

reversible error.  662 Fed. Appx. at 594.[3]

     As noted above, a reasoning level of 2 requires the ability

to carry out detailed but uninvolved written or oral

instructions.  The ALJ stated that plaintiff can understand,

remember, and carry out simple work instructions, the same

limitation as that given in <u>Paulek</u>.  <u>Lucy</u>, cited with approval

in <u>Hackett</u> and <u>Paulek</u>, held that a limitation to simple

instructions is inconsistent with both level-two and level-three

reasoning.  <u>Lucy</u>, 113 F.3d at 909.  On its face, the language

---

[3] In the case of <u>Pemberton v. Berryhill</u>, Case No. 16-2501-SAC (D. Kan. April 26, 2017; Doc. 15 at 6-7), the court held that when a claimant was limited to simple work, and the jobs identified required a reasoning level of 2 or 3, the conflict must be explained.  In that case, defendant did not contest this conflict, or the need for the ALJ to explain it, but argued that the remaining job constituted a significant number of jobs in the national economy.

for a reasoning level of 2 (the ability to carry out detailed but uninvolved written or oral instructions) reasonably appears to conflict with a person being limited to understanding, remembering and carrying out simple work instructions.  Because of this conflict, the ALJ erred by failing to inquire about and resolve this conflict.  The case shall therefore be remanded in order for the ALJ to inquire about and resolve the conflict between the VE's testimony and the description of the job in the DOT.[4]

## IV.  Are the ALJ's RFC findings supported by substantial evidence?

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p,

---

[4] Although the ALJ indicated that plaintiff could perform simple work instructions and tasks at an SVP-2 level, SVP-2 only indicates that this describes a job that take anything beyond short demonstration up to and including 1 month to perform.  SVP-2 is silent on a person's ability to carry out detailed but uninvolved instructions.  On the other hand, there is a clear conflict between the ability to understand, remember, and carry out **simple** work instructions and a job that requires the ability to carry out **detailed** but uninvolved instructions.  Defendant does not cite to any statute, regulation, ruling, or case law that establishes that a person with an SVP-2 has the ability to perform a job with a reasoning level of 2.

1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

In reaching his RFC determination, an ALJ is permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file. Wells v. Colvin, 727 F.3d 1061, 1071 (10th Cir. 2013).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence.  Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess

13

whether relevant evidence supports the ALJ's RFC determination.
Such bare conclusions are beyond meaningful judicial review.
Brown v. Commissioner of the Social Security Administration, 245
F. Supp.2d 1175, 1187 (D. Kan. 2003).

The court finds no clear error in the ALJ's findings
regarding plaintiff's RFC.  As the court noted in its earlier
decision, the RFC determination is supported by substantial
evidence that is detailed in the ALJ decision, including the
medical opinion evidence (R. at 922-926, 929).  Plaintiff fails
to cite to any medical opinion evidence that plaintiff has
specific limitations that were not included in the ALJ's RFC
findings.  The ALJ discussed in detail the medical evidence and
medical opinion evidence in support of his RFC findings (R. at
808-815).  As the court indicated earlier, this court again
finds that the RFC is supported by substantial evidence in the
record.[5]

**V.  Did the ALJ err in his evaluation of the statement of a 3rd party?**

This issue was also raised when this case was first
considered by the court in 2015.  In 2015, the court found that
the ALJ reasonably weighed this evidence (R. at 926).  The ALJ

---

[5] In regards to plaintiff's mental RFC, the ALJ limited plaintiff to simple work instructions and tasks at an SVP 2 level.  In Vigil v. Colvin, 805 F.3d 1199, 1203-1204 (2015), the court found that a moderate concentration, persistence or pace problem in the RFC was adequately taken into account when limited to unskilled work with an SVP of only one or two.  In Smith v. Colvin, 821 F.3d 1264, 1269 (2016), moderate mental limitations were found to be adequately taken into account with an RFC limiting the claimant to simple, repetitive, and routine tasks.

in 2016 stated that he considered the statement of Mr. Wilson, and discussed in detail his reasons for giving it no weight (R. at 815-816).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court finds no error by the ALJ in his consideration of this evidence.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 9th day of February 2018, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge